**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deena Marie Lydy Vines,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-19-05796-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Commissioner of the Social Security Administration's ("the Commissioner") motion to dismiss Deena Marie Lydy Vines's ("Claimant") complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 15). Claimant has responded, (Doc. 16), and the Commissioner has not replied. The Court now rules on the motion.

**I.    MOTION TO DISMISS**

The Commissioner argues that Claimant's complaint fails to state a claim because she filed it one day after the statutorily imposed sixty-day statute of limitations for filing civil actions to review final decisions of the Commissioner. (Doc. 15 at 3–6). The Commissioner argues further that because no extraordinary circumstances exist to justify tolling the statute of limitations, the complaint should be dismissed. (*Id.* at 6–7).

Liberally construing Claimant's response, *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (noting that pro se pleadings must be liberally construed), she argues that regardless of whether her complaint was filed after the statutory period had passed, the

Court should deny the motion because the Commissioner's unfavorable disposition of her case distressed and discouraged her. (Doc. 16 at 1–2).

### A. Legal Standard

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must comply with the requirement of Rule 8(a)(2) that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard demands something more of a complaint than a "sheer possibility" of a defendant's liability: the complaint must contain factual content permitting the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a complaint for failure to state a claim, a court "must accept all well-pleaded factual allegations as true," *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), but "[c]onclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss," *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Additionally, a court may consider documents that are not physically attached to the pleading if their "contents are alleged in a complaint" and no party questions their authenticity. *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

Dismissal of a complaint under Rule 12(b)(6) as barred by a statute of limitations is proper when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Further, because "the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution by a Rule 12(b)(6) motion.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). Dismissal is

warranted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

### B. Timeliness

By statute, a claimant seeking review of a final decision of the Commissioner must commence a civil action "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). This sixty-day statute of limitations "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Therefore, a court must generally dismiss a plaintiff's untimely complaint, even when only one day late, because such a suit would fall outside Congress's express consent to suit. *See Kaiser v. Blue Cross*, 347 F.3d 1107, 1117 (9th Cir. 2003) *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) (explaining that "the terms of [Congress's] consent to be sued in any court define that court's jurisdiction to entertain the suit").

A court may allow an untimely complaint to proceed, however, for one of several reasons. First, the Social Security Administration's regulations "start the clock" on the sixty-day limitations period on the date an individual receives notice of the Commissioner's decision. 20 C.F.R. § 422.210(c). "[U]nless there is a reasonable showing to the contrary," the presumption is that an individual received the notice five days after the date on the letter. *Id.* Thus, courts have allowed claimants to file beyond the sixty-day limitations period when they can show that the notice did not arrive within five days' time because of another party's actions. For example, the claimant may show the Social Security Administration waited more than five days to mail the notice. *See, e.g.*, *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984); *Chiappa v. Califano*, 480 F. Supp. 856, 857 (S.D.N.Y. 1979). On the other hand, a claimant cannot rebut the presumption with only unsupported allegations of "non-receipt within five days." *McLaughlin v. Astrue*, 443 F.

App'x 571, 574 (1st Cir. 2011) (per curiam); *see also McCall v. Bowen*, 832 F.2d 862, 864–65 (5th Cir. 1987) (holding that affidavits of claimant and counsel claiming they did not receive notice until after the five-day period were insufficient to rebut the presumption).

Second, equitable estoppel and equitable tolling may apply to stop the running of the sixty-day statute of limitations. *Bowen*, 476 U.S. at 480 (equitable tolling); *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (equitable estoppel). "[W]hile tolling 'focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant,' estoppel 'focuses on the actions of the defendant.'" *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc) (quoting *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981)). Equitable estoppel will not lie in this context unless the party sought to be estopped engaged in "affirmative misconduct." *Id.* Although tolling does not require a showing of such misconduct, a plaintiff must generally still show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Extraordinary circumstances generally exist where a complainant was tricked (whether by a defendant's affirmative misconduct or by misleading information from a court) into letting the deadline pass. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).[1]

Here, the letter from the Social Security Appeals Council notifying Claimant of the Commissioner's final decision and her right to file a civil action bears the date October 7, 2019, and she filed her complaint 66 days later on December 12, 2019. (Docs. 1 at 1, 15-1 at 32). Because the Court presumes that she received the notice—at the latest—on October 12, 2019, the statute of limitations bars her complaint unless she can rebut that presumption or show entitlement to equitable relief.

To support her claim that she did not receive notice until October 15, 2019, Claimant

---

[1] Despite the Ninth Circuit Court of Appeals' taking pains to point out that tolling does not require affirmative misconduct on behalf of the opposing party, *Socop-Gonzalez*, 272 F.3d at 1184–85, both that court and the United States Supreme Court have often looked for such conduct when analyzing tolling. *Bowen*, 476 U.S. at 480–82; *Burke v. Berryhill*, 706 Fed. App'x 381, 382 (9th Cir. 2017). The obvious reason for this is that a defendant's affirmative misconduct will often serve to excuse a plaintiff's ignorance.

offers only an unsupported assertion that a holiday delayed her mail. (Doc. 1 at 3). As indicated above, such an unsupported assertion does not suffice to rebut the presumptive date of delivery. Not only is her claim unsupported, it is illogical. It is unlikely, if not impossible, that a holiday could have been the cause of any supposed delay given that more than five days had already passed between the date on the letter, October 7, and Columbus Day, October 14. In other words, the Court does not believe that an event that occurred after the presumptive date of delivery could affect whether Claimant received the letter within five days.

Neither has Claimant shown the Commissioner engaged in misconduct, or the existence of any "extraordinary circumstances," such that she is entitled to estoppel or tolling. Claimant has not even asserted that she was ignorant of the 60-day requirement let alone that the Commissioner deceived her into believing she had more time. (*See* Docs. 1, 16). Nor did she lack notice of the steps necessary to preserve her rights. The letter notifying Claimant of the Commissioner's final decision informed Claimant about the 60-day requirement, told her how to file a civil action, listed the relevant statutory authority, and provided her with a phone number and address should she have had any questions. (Doc. 15-1 at 31–32).[2] Far from acting affirmatively to deceive Claimant, here the Commissioner acted affirmatively to ensure that Claimant was aware of her rights and of the 60-day requirement to exercise them.

Claimant appears to argue that equitable tolling should apply because she "became very discouraged and lost faith in the system" and that she "became very, very distressed and wanted to give up on the entire case" after the Administrative Law Judge denied her claim for benefits. (Doc. 1 at 1.).[3] But dejection, no matter how deeply felt, is not an

---

[2] Although Claimant did not physically attach the October 7 letter to her complaint, it is described and referenced in the complaint (Doc. 1 at 3). Because neither party questions its authenticity, the Court can consider it in ruling on this motion.

[3] Claimant argues that this emotional distress qualifies as "Good Cause for Late Filing" under the heading of a "mental . . . limitation . . . prevent[ing] . . . her from timely filing and [sic] appeal request." (Doc. 1 at 1–2). But this standard applies to the Commissioner's decision to extend the time to file rather than to a judicial determination of equitable tolling. 20 C.F.R. §§ 416.1411, 416.1482; *see also Vernon*, 811 F.2d at 1278.

- 5 -

extraordinary circumstance warranting equitable tolling. To conclude otherwise would ignore the Ninth Circuit Court of Appeals' admonition that tolling should be applied in only rare cases "lest the exception swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Perhaps even more fundamentally, though, her emotional reaction simply has nothing to do with whether, in the exercise of reasonable diligence, she could not have discovered essential information bearing on her claim. *Socop-Gonzalez*, 272 F.3d at 1184–85. In fact, it only goes to show that she was well aware of the decision against her. Claimant's assertion of dejection fundamentally fails to address the primary focus of equitable tolling: excusable ignorance. Put simply, Claimant "did not file any pleading during the statutory period and was in no way tricked or induced into letting the statutory period pass. The doctrine of equitable tolling, therefore, should not be applied." *Carpenter v. Dep't of Transp.*, 13 F.3d 313, 317 (9th Cir. 1994).

Because the running of the statute of limitations is clear from the face of the complaint, and no facts show Claimant is entitled to equitable relief, the Court must dismiss the complaint as untimely. The Court remains mindful, however, that a Claimant is generally "not required to plead around anticipated affirmative defenses, including the statute of limitations," *Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 478 (S.D. Cal. 2012) (citing cases), and that a Rule 12(b)(6) order is typically not an ideal vehicle to address whether equitable tolling applies. Therefore, because Claimant could possibly plead facts entitling her to equitable tolling, this dismissal is without prejudice and the Court will grant Claimant leave to amend. *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In amending, Claimant must affirmatively plead facts that, if proven, would entitle her to equitable tolling or rebut the five-day presumption.

/ / /

## II. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the Commissioner's motion to dismiss, (Doc. 15), is GRANTED. Claimant's complaint, (Doc. 1), is dismissed without prejudice. Because the Court is granting Claimant leave to amend, the Clerk of the Court shall not enter judgment at this time.

IT IS FURTHER ORDERED granting Claimant leave to amend her complaint such that Claimant may, if she chooses, file and amended complaint within 14 days of the date of this order. If Claimant does not file an amended complaint within 14 days, the Clerk of the Court shall enter judgment consistent with this order.

Dated this 22nd day of June, 2020.

*James A. Teilborg*
Senior United States District Judge