**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deena Marie Lydy Vines,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-19-05796-PHX-JAT<br><br>**ORDER** |

On June 22, 2020, this Court dismissed the complaint in this case because it is untimely under the statute of limitations. (Doc. 17). However, this Court gave Plaintiff leave to amend, "because [Plaintiff] could possibly plead facts entitling her to equitable tolling…." (*Id*. at 6).

On June 29, 2020, Plaintiff filed a document that she entitled "Amended Complaint." (Doc. 18). However, because an amended complaint completely supersedes any previous complaint, Plaintiff was required to reallege all facts in her original complaint in addition to any new facts she believed showed equitable tolling. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Instead, Plaintiff filed a document that reads more like a motion for reconsideration than an amended complaint. However, Plaintiff alleges new facts in favor of equitable tolling in this filing, which would be inappropriate on reconsideration. Further, Plaintiff cites Federal Rule of Civil Procedure 60, which is inapplicable because no judgment has been entered in this case.

When a plaintiff files an amended complaint, Defendant is compelled to answer or otherwise respond, or risk being defaulted. *See* Fed. R. Civ. P. 15(a)(3). Here, although Plaintiff captioned her filing "Amended Complaint" Defendant has not answered or otherwise responded and the time to do so has expired. Further, if Plaintiff was attempting to file a procedurally improper Rule 60 motion, the time for Defendant to respond to that has also expired.

Because the Court cannot consider new evidence on reconsideration, the Court will not deem Plaintiff filing a Doc. 18 to be a motion for reconsideration. However, the Court cannot accept it as an "amended complaint" because it does not list any causes of action, claims of error, or seek any relief. Thus, the Court will strike the filing a Doc. 18 for failing to comply with the Order at Doc. 17. Plaintiff is cautioned that, as stated above, any amended complaint completely supersedes the original complaint; therefore, Plaintiff must realleged all her allegations from her original complaint, plus any basis she has for equitable tolling, in any further amended complaint. Accordingly,

**IT IS ORDERED** that the filing at Doc. 18 is stricken.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint by September 11, 2020. If Plaintiff fails to file an amended complaint by this date, the Clerk of the Court shall enter judgment dismissing this case with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff files anything by September 11, 2020; Defendants must respond to that filing within 14 days of when it is filed.

Dated this 1st day of September, 2020.

James A. Teilborg
Senior United States District Judge