**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deena Marie Lydy Vines, | No. CV-19-05796-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the Commissioner of the Social Security Administration's ("the Commissioner") motion to dismiss Deena Marie Lydy Vines's ("Claimant") amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 21). Claimant has not responded to the Commissioner's motion, and the Court now rules.

**I.    MOTION TO DISMISS**

The Court previously dismissed Claimant's original complaint because it was filed the day after the sixty-day statute of limitations for filing a civil action to review the final decision of the Commissioner expired. (*See* Doc. 17). The Court explained:

> By statute, a claimant seeking review of a final decision of the Commissioner must commence a civil action "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner . . . may allow." 42 U.S.C. § 405(g). This sixty-day statute of limitations "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Therefore, a court must generally dismiss a plaintiff's untimely complaint, even when only one day late, because such a suit would fall outside

Congress's express consent to suit. *See Kaiser v. Blue Cross*, 347 F.3d 1107, 1117 (9th Cir. 2003); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) (explaining that "the terms of [Congress's] consent to be sued in any court define that court's jurisdiction to entertain the suit").

A court may allow an untimely complaint to proceed, however, for one of several reasons. First, the Social Security Administration's regulations "start the clock" on the sixty-day limitations period on the date an individual receives notice of the Commissioner's decision. 20 C.F.R. § 422.210(c). "[U]nless there is a reasonable showing to the contrary," the presumption is that an individual received the notice five days after the date on the letter. *Id.* Thus, courts have allowed claimants to file beyond the sixty-day limitations period when they can show that the notice did not arrive within five days' time because of another party's actions. For example, the claimant may show the Social Security Administration waited more than five days to mail the notice. *See, e.g.*, *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984); *Chiappa v. Califano*, 480 F. Supp. 856, 857 (S.D.N.Y. 1979). On the other hand, a claimant cannot rebut the presumption with only unsupported allegations of "non-receipt within five days." *McLaughlin v. Astrue*, 443 F. App'x 571, 574 (1st Cir. 2011) (per curiam); *see also McCall v. Bowen*, 832 F.2d 862, 864–65 (5th Cir. 1987) (holding that affidavits of claimant and counsel claiming they did not receive notice until after the five-day period were insufficient to rebut the presumption).

Second, equitable estoppel and equitable tolling may apply to stop the running of the sixty-day statute of limitations. *Bowen*, 476 U.S. at 480 (equitable tolling); *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (equitable estoppel). "[W]hile tolling 'focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant,' estoppel 'focuses on the actions of the defendant.'" *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc) (quoting *Naton v. Bank of Cal.*, 649 F.2d 691, 696 (9th Cir. 1981)). Equitable estoppel will not lie in this context unless the party sought to be estopped engaged in "affirmative misconduct." *Id.* Although tolling does not require a showing of such misconduct, a plaintiff must generally still show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Extraordinary circumstances generally exist where a complainant was tricked (whether by a defendant's affirmative misconduct or by misleading information from a court) into letting the deadline pass. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

(*Id.* at 3–4) (footnote omitted).

The Court ruled that Claimant's complaint did not allege facts demonstrating that she received the notice of the Commissioner's decision later than the presumptive five days after mailing, nor did she allege facts that could support equitable estoppel or equitable tolling. (*Id.* at 4–6). The Court, however, dismissed Claimant's complaint without prejudice to allow her to "affirmatively plead facts that, if proven, would entitle her to equitable tolling or rebut the five-day presumption." (*Id.* at 6).

Claimant's amended complaint does not reference the specific date she received the notice of the Commissioner's decision, but Claimant continues to acknowledge that she did not file this action within the statutory sixty-day window. (*See* Doc. 20 at 4). Claimant's amended complaint instead states that she filed her complaint "late due to [her] issues going on at that time with [her] health and the stress of Judge Cates Jr.'s decision" and that she had "not been given the full length of time to respond as it would seem due to ongoing issues with mail service that has been experienced in [her] neighborhood." (Doc. 20 at 4, 5).

The Commissioner argues that the Court should dismiss Claimant's amended complaint because these vague allegations are insufficient to warrant equitable tolling. (Doc. 21 at 7–8). The Court agrees. Claimant's original complaint suggested that the notice of the Commissioner's decision may have arrived late due to a holiday, and the Court ruled that "such an unsupported assertion does not suffice to rebut the presumptive date of delivery." (Doc. 17 at 5). The current unsupported and speculative assertion in the amended complaint that it "seem[s]" her neighborhood had been experiencing unspecified mail service issues is equally insufficient. The amended complaint does not describe, for example, what these mail service issues are or how they affected the receipt of the notice of the Commissioner's decision. Absent specific factual allegations that, if proven, would demonstrate the notice arrived after the presumptive five-day period or specific allegations that permit such an inference, the amended complaint does not demonstrate a potential entitlement to relief. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled

to relief.").

Claimant's allegation that health issues and stress prevented her from filing her claim on time is similarly insufficient. Claimant does not state what specific health issues or symptoms prevented her from timely filing her claim or why. Also, to the extent this allegation relates to the distress that resulted from the Commissioner's denial of her claim that Claimant alleged in her original complaint, the Court's prior dismissal ruled that this is insufficient to show an extraordinary circumstance. (*See* Doc. 17 at 6 ("Perhaps even more fundamentally, though, her emotional reaction simply has nothing to do with whether, in the exercise of reasonable diligence, she could not have discovered essential information bearing on her claim. In fact, it only goes to show that she was well aware of the decision against her." (citation omitted))).

Claimant also cites the Social Security Commission's Program Operations Manual System, which provides that good cause for late filing may include that "[C]laimant's physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) prevented him or her from timely filing an appeal request." *See* Social Security Administration, Program Operations Manual System (POMS), GN 03101.020(B). As the Court stated in its prior order, however, "this standard applies to the Commissioner's decision to extend the time to file rather than to a judicial determination of equitable tolling." (Doc. 17 at 5). Claimant's amended complaint does not allege that she requested an extension of the time to file with the Commissioner or that the Commissioner committed any legal error.

In sum, the Court acknowledges that Claimant is trying to challenge the factual basis for the Commissioner's decision. However, the Court cannot consider this challenge unless Claimant filed her complaint within sixty days after receiving the notice of the Commissioner's decision or she pleads facts that could support equitable tolling or equitable estoppel. Claimant's amended complaint does not do so. It fails to state a claim upon which relief can be granted because it is not apparent from the face of the complaint that Claimant timely filed the claim, and the amended complaint does not allege facts that

could support equitable estoppel or equitable tolling. Accordingly, the Court grants the Commissioner's motion to dismiss.

Having given Claimant leave to amend to cure these specific deficiencies, and Claimant having failed to do so, the Court finds giving Claimant another opportunity to amend on the exact same deficiency would be futile. Moreover, Claimant failed to contest the Commissioner's second motion to dismiss, which would have been yet another opportunity to inform the Court of any facts she had to cure this deficiency, and she again failed to do so.

**II. CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Commissioner's motion to dismiss (Doc. 21) is **GRANTED**. Claimant's amended complaint (Doc. 20) is dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly.

Dated this 25th day of November, 2020.

James A. Teilborg
Senior United States District Judge